ORIGINAL

FILED
AUG 2 7 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MICHAEL J. CLEMENTI )
Plaintiff, )
v. )
THE UNITED STATES )
Defendant. )

07-635 C

## COMPLAINT

1. The plaintiff is an employee of the defendant United States Government employed in GS-802 engineering technician position by the U.S. Navy, Naval Air Warfare Center Lakehurst Division at the Naval Air Station in Patuxent River, MD. Plaintiff brings this action on behalf of himself and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202, 5 U.S.C. Section 5596, and the overtime provisions of Title 5 of the U.S. Code, 5 U.S.C. §§ 5541, et .seq., to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

## PARTIES

3. Plaintiff Michael J. Clementi, a resident of Lexington Park, MD is a GS-12-802 engineering technician for the U.S. Navy, Naval Air Warfare Center ("NAWC") in Patuxent River, MD and has been so employed at all times material herein.

4. Plaintiff Clementi has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. Section 216(b). His written consent is appended to this complaint in Appendix A.

5. Plaintiff Clementi is an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiff and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. In addition, section 551.501 of Part 5 of the Code of Federal Regulations, 5 CFR § 551.501, provides that federal agency employers such as the U.S. Navy, shall compensate their employees at a rate of not less than one and one-half times the

employees' regular rate of pay for all hours of work in excess of 8 in a day and/or 40 in a work week. At all times material herein, the plaintiff and other employees similarly situated have been entitled to FLSA overtime pay for all hours of work in excess of 8 in a day and/or 40 in a work week.

8. At all times material herein, the plaintiff has worked at the GS-12 pay grade in a technician position. At all times material herein, while working in this position the plaintiff has worked hours in excess of forty (40) hours per week and/or 8 hours a day.

9. During the time plaintiff worked in excess of forty (40) hours per week and/or eight (8) hours a day, defendant United States has failed and refused to provide plaintiff with the rights and protections provided under the FLSA, including overtime at a rate of one and one-half times his regular rate of pay for all hours plaintiff has worked in excess of the hourly standards set forth in 29 U.S.C. §207 for all hours worked in excess of eight (8) hours in a work day and/or forty (40) hours in a workweek.

10. By failing and refusing to pay the plaintiff and other employees similarly situated the overtime pay required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiff has been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

11. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiff various amounts that have not yet

been precisely determined. The employment and work records for the plaintiff are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiff is unable to state at this time the exact amounts owing to him. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to plaintiff and other employees similarly situated from which the amount of defendant's liability can be ascertained.

12. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover liquidated damages in an amount equal to his back pay damages for the Defendant's failure to pay FLSA overtime compensation.

13. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiff is entitled to recover interest on his back pay damages for the defendant's failure to pay him overtime compensation in violation of the FLSA.

14. Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), as well as other applicable laws and regulations.

WHEREFORE, the plaintiff, on his own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived the plaintiff of his rights;

(b) Order a complete and accurate accounting of all the compensation to which

the plaintiff is entitled;

(c) Award the plaintiff monetary liquidated damages equal to his unpaid compensation, plus interest;

(d) Award plaintiff his reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: August 27, 2007

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MICHAEL J. CLEMENTI )
)
Plaintiffs, )
)
v. )
)
THE UNITED STATES )
)
Defendant. )
)

**APPENDIX A TO PLAINTIFF'S COMPLAINT**

**REQUEST TO BECOME PARTY PLAINTIFF/GRIEVANT AND**
**PROPOSED RETAINER AGREEMENT**
**U.S. Navy—NAWC**

**REQUEST TO BECOME GRIEVANT/PARTY PLAINTIFF IN U.S. NAVY—NAWC**

**Print clearly, or type the following information:**

NAME Clementi (Last) Michael (First) J (Middle) SS# 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

HOME ADDRESS 21955 Rosewood Terrace (Address)

Lexington Park (City) MD (State) 20653 (Zip Code)

WORK ADDRESS V-22 Program Hanger 109 Rm 238B (Address) 22474 James Road

NAS Patuxent River (City) MD (State) 20670 (Zip Code)

PHONE (home) 301-862-9454 (work) 301-757-2040

EMPLOYMENT HISTORY: *Use additional sheet(s) if necessary*

| | Employer | Series | Pay Grade-Step | Position |
|---|---|---|---|---|
| 2003 | DOD NAWCAD | GS | 12-06 | Engineer Technichian |
| 2004 | DOD NAWCAD | GS | 12-06 | " |
| 2005 | DOD NAWCAD | GS | 1-05 2-19 12-06<br>2-20-05 12-07 | " |
| 2006 | DOD NAWCAD | GS | 12-07 | " |
| 2007 | DOD NAWCAD | GS | 12-07 | " |

SIGNATURE Michael J. Clementi

Continue on Reverse

# CONTINGENT FEE RETAINER AGREEMENT

I authorize and retain the law firm of Woodley & McGillivary with offices at 1125, 15th Street, N.W., Suite 40 Washington, D.C. 20005, to represent me with respect to my claim for Fair Labor Standards Act (FLSA) overtime and Title 5 overtime for the time period that I have worked at Naval Air Warfare Center. Woodley & McGillivary is authorized to take all steps they deem necessary regarding the pursuit of this suit, the settlement of this suit, and the collection of any and all sums recovered.

In consideration of the services of Woodley & McGillivary, I agree to pay such attorneys 30% (thirty- percent of my total recovery as a legal fee. I further agree and authorize that any checks issued by the USA to me i connection with my claims shall be paid to Woodley & McGillivary as trustees on my behalf. After attorney's fees are deducted therefrom, the balance shall be forwarded to me by the firm.

Attorneys' fees recovered by the attorneys from the USA pursuant to court and/or other order or settlement will be subtracted from the contingent fee to be deducted from my recovery. If fees paid by the USA equal c exceed the contingent fee, I will not be assessed any attorneys' fees. If the complaint brought on my behal results in no recovery, I will have no obligation to pay attorneys' fees.

I recognize that the other plaintiffs in this case and I are jointly and severably liable for payment of all out-of pocket costs (e.g. transcript costs, travel costs, copying costs, etc.) of this action and that these costs are being advanced by Woodley & McGillivary. Most or perhaps all of these costs may be recoverable if the ca is settled or won. Further, I understand that in the unlikely event that it is anticipated that the out-of-pocket costs exceed of $50.00 per person, Woodley & McGillivary will inform me before incurring such costs.

I authorize the filing in my name of an attorneys' lien with the United States or with the court in order to secure payment of my obligation to pay attorneys' fees under this agreement. I agree to promptly inform Woodley & McGillivary of any changes in my address to avoid any delay in contacting me. I also direct that any monetary award be issued by check made payable to Woodley & McGillivary as trustee on my behalf, c payable jointly to me and such firm which is empowered with my power of attorney to endorse the check, to withhold the amount due as payment for legal services and to forward the appropriate amount that is due n

**The plaintiff identified below is aware that until he receives a copy of this consent form, with Gregory K. McGillivary's signature on it, and a letter from Woodley & McGillivary agreeing to represent the plaintiff, Woodley & McGillivary has not agreed to represent the plaintiff.**

DATE: ______________

GREGORY K. MCGILLIVARY
Woodley & McGillivary

DATE: 7-10-07

[signature]
GRIEVANT/PLAINTIFF SIGNATURE

Michael J. Clementi
GRIEVANT/PLAINTIFF PRINTED NAME